791 A.2d 1115

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. JOSE PEREZ, DEFENDANT APPELLANT.

Superior Court of New Jersey Appellate Division

Submitted February 5, 2002—Decided March 6, 2002.

Before Judges STERN, EICHEN and LINTNER.

*Peter A. Garcia*, Acting Public Defender, attorney for appellant (*Gilbert G. Miller*, Designated Counsel, on the brief).

*Peter C. Harvey*, Acting Attorney General, attorney for respondent (*Bennett A. Barlyn*, Deputy Attorney General, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

The opinion of the court was delivered by

STERN, P.J.A.D.

Tried to a jury, defendant was convicted of armed robbery, *N.J.S.A.* 2C:15–1, possession of a firearm for an unlawful purpose, *N.J.S.A.* 2C:39–4(a), and possession of the firearm without a permit, *N.J.S.A.* 2C:39–5(b). The trial judge merged the possessory offenses into the armed robbery conviction and imposed a seventeen year sentence to the custody of the Commissioner of Corrections with an 85% ineligibility term under the No Early Release Act ("NERA"), *N.J.S.A.* 2C:43–7.2. The State does not challenge the merger of the permit violation into the armed robbery.

On this appeal, defendant argues:

POINT I THE TRIAL COURT ERRED IN ITS JURY INSTRUCTIONS BY GIVING AN IMPROPER FLIGHT CHARGE.

POINT II DEFENDANT WAS ENTITLED TO JUDGMENTS OF ACQUITTAL, AND HIS CONVICTIONS ARE AGAINST THE WEIGHT OF THE EVIDENCE. (Not raised below)

POINT III DEFENDANT WAS NOT ELIGIBLE FOR SENTENCING UNDER THE NO EARLY RELEASE ACT, AND HIS SENTENCE WAS MANIFESTLY EXCESSIVE.

In his *pro se* supplemental brief, defendant contends:

THE COURT'S FAILURE TO INSTRUCT THE JURY ON THE AFFIRMATIVE DEFENSE OF JUSTIFICATION BASED ON NECESSITY, PURSUANT TO *N.J.S.A.* 2C:3–2A, DEPRIVED DEFENDANT [OF] DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT AND OF HIS RIGHT TO A FAIR TRIAL UNDER THE STATE CONSTITUTION. (*U.S. CONST.* AMEND. XIV; *N.J. CONST.* (1947), ART. I, PARA. 21) [Partially Raised Below]

We find that none of the challenges to the conviction have merit or warrant discussion in this opinion (*see R.* 2:11–3(e)(2)) which must otherwise be published because of the publication of the trial

court's opinion which upheld the application of NERA. *See State v. Perez*, 331 *N.J.Super.* 497, 752 *A.*2d 378 (Law Div.2000).

 The trial court's published opinion was overruled in *State v. Austin*, 335 *N.J.Super.* 486, 494, 762 *A.*2d 1052 (App.Div.2000), *certif. denied*, 168 *N.J.* 294, 773 *A.*2d 1157 (2001). Particularly given the need for uniformity and clarity in this area, and because the difficult issues relating to NERA have now been resolved by *L.* 2001, *c.* 129, effective June 29, 2001, with respect to cases occurring on or after that date, we adhere to *Austin. See State v. Andino*, 345 *N.J.Super.* 35, 40, 783 *A.*2d 267 (App.Div.2001); *State v. Allen*, 337 *N.J.Super.* 259, 271, 766 *A.*2d 1168 (App.Div.2001), *certif. denied*, 171 *N.J.* 43, 791 *A.*2d 221 (2002) (adhering to prior NERA case law). *See also State v. Jules*, 345 *N.J.Super.* 185, 189–90, 784 *A.*2d 722 (App.Div.2001), *certif. denied*, 171 *N.J.* 337, 793 *A.*2d 715 (2002) (regarding inoperable firearm under NERA).

The State, nevertheless, contends that the NERA sentence in this case should be upheld because the Supreme Court, in *State v. Johnson*, 166 *N.J.* 523, 545–46, 766 *A.*2d 1126 (2001), upheld the NERA sentence by virtue of its review of the proofs at the jury trial. In this case, however, the proofs included the undisputed fact that the firearm was "inoperable" at the time of offense.[1] Thus, the NERA sentence cannot be sustained. *See Austin, supra.*

 Accordingly, the matter must be remanded for resentencing. In *State v. Watson*, 346 *N.J.Super.* 521, 534, 788 *A.*2d 812 (App.Div.2002), we recently held that *State v. Johnson* does not apply to the Graves Act. We nevertheless suggested that cases be tried as if *Johnson* did so apply until the Supreme Court ad-

---

[1] After a chase, a police officer observed defendant attempt to hide the gun behind an air conditioner on a window sill. Even though it was loaded when taken by the officer, the State's ballistic expert testified it was "inoperable" because it was "missing a trigger." The trial judge's published opinion was premised on a finding that the "firearm" was "inoperable" and was at least "temporarily inoperable because it did not have a trigger." 331 *N.J.Super.* at 504, 752 *A.*2d 378.

dressed the issue. *Ibid.* Whether or not *Johnson,* or some similar principle, is ultimately held applicable to Graves Act convictions, in this case the defendant was also convicted by the jury of offenses involving the simultaneous possession of a "firearm," as found in the merged counts.[2] As a result, the jury did find that defendant used or possessed a "firearm" during the armed robbery, *cf. State v. Meyer,* 327 *N.J.Super.* 50, 58, 742 *A.*2d 614 (App.Div.), *certif. denied,* 164 *N.J.* 191, 752 *A.*2d 1292 (2000) (plea of guilty to *N.J.S.A.* 2C:39–5(b) acknowledged possession of "firearm"),[3] and, unlike NERA, the fact the firearm was inoperable is immaterial for purposes of the Graves Act. *See State v. Gantt,* 101 *N.J.* 573, 584–86, 503 *A.*2d 849 (1986); *State v. Austin, supra,* 335 *N.J.Super.* at 494, 762 *A.*2d 1052. Therefore, as in *Austin,* we remand for resentencing with an ineligibility term under the Graves Act. *See Austin, supra,* at 494–95, 762 A.2d 1052.

The judgment of conviction is affirmed, but the matter is remanded to the Law Division for resentencing.

---

[2] The jury specifically found that defendant committed the robbery while he was "armed with or threatened the immediate use of a deadly weapon." *See R.* 3:19–1b. But "deadly weapon" for that purpose included what the victim could reasonably believe. *See N.J.S.A.* 2C:11–1c.

[3] The jury in *Johnson* found defendant guilty of possession of a firearm for unlawful purpose against a person and possession of a firearm without a permit, 166 *N.J.* at 528, 766 *A.*2d 1126, and therefore concluded that defendant actually possessed a "firearm," as defined in *N.J.S.A.* 2C:39–1(f). We held that NERA did not apply to possessory offenses and vacated the NERA term for the possession for unlawful purpose conviction. *State v. Johnson,* 325 *N.J.Super.* 78, 88–89, 737 *A.*2d 1140 (App.Div.1999). The Supreme Court did not address that subject in its opinion. Nor did it address the impact of the "firearm" convictions as a factor in upholding the NERA sentence on the armed robbery based on the proofs at trial, as that issue was not involved. *State v. Johnson, supra,* 166 *N.J.* at 545–46, 766 *A.*2d 1126.