850 A.2d 1260

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
CHARLES MEEKINS, DEFENDANT–APPELLANT.

Argued February 18, 2004—Decided July 8, 2004.

*Patricia A. Nichols,* Designated Counsel, argued the cause for appellant (*Yvonne Smith Segars,* Public Defender, attorney).

*Adrienne B. Reim,* Deputy Attorney General, argued the cause for respondent (*Peter C. Harvey,* Attorney General of New Jersey, attorney).

Justice WALLACE delivered the opinion of the Court.

The original No Early Release Act (pre-amendment NERA), *L.* 1997, *c.* 117, § 2, was enacted in 1997 and provided for a mandatory minimum prison term of 85% of the sentence imposed for first and second degree violent crimes. On two separate occasions, the Appellate Division limited the application of pre-amendment NERA to the maximum ordinary term portion of an extended term sentence. Effective June 29, 2001, the Legislature amended NERA to require the minimum parole ineligibility period to be calculated based upon the sentence actually imposed without regard to whether it was an ordinary or an extended sentence. *N.J.S.A.* 2C:43–7.2b, *L.* 2001, *c.* 129, § 1. The question presented is whether the 85% minimum term applies to the extended portion of the sentence a defendant receives under pre-amendment NERA. Given our trial courts' significant reliance on case law applying pre-amendment NERA only to the maximum ordinary term portion of a defendant's extended term sentence, we answer the question in the negative. We hold that when applying pre-amendment NERA to an extended term sentence, the trial court shall limit defendant's parole ineligibility period to 85% of the maximum ordinary term sentence.

## I.

We briefly recite the facts giving rise to the disputed sentence. On September 21, 1997, John Nalbone and his family were returning home from a picnic when they observed defendant, Charles Meekins, leaving their property carrying their compact disc player and a carrying case. Nalbone exited his car and

shouted at him, but defendant continued to walk away. Nalbone chased and tackled defendant. During the struggle, defendant stabbed Nalbone in the neck and arm with a sharp object. Nalbone yelled to his wife to call the police as he successfully restrained defendant. A short while later, the police arrived, arrested defendant, and discovered substantial evidence of a break-in at Nalbone's home.

On May 13, 1999, defendant was convicted of second-degree burglary, *N.J.S.A.* 2C:18-2 (count one); first-degree robbery, *N.J.S.A.* 2C:15-1 (count two); fourth-degree theft by unlawful taking as a lesser-included offense, based on the value of the goods stolen, *N.J.S.A.* 2C:20-3a (count three); third-degree aggravated assault as a lesser-included offense, *N.J.S.A.* 2C:12-1b(1) (count four); third-degree possession of a weapon for an unlawful purpose, *N.J.S.A.* 2C:39-4d (count five); and fourth-degree unlawful possession of a weapon, *N.J.S.A.* 2C:39-5d (count six). A charge of possession of a weapon by a convicted felon, *N.J.S.A.* 2C:39-7a, was dismissed.

After his conviction, defendant moved for a judgment of acquittal and a new trial, and the State moved to impose an extended term sentence under the persistent offender statute, *N.J.S.A.* 2C:44-3a. The trial court denied defendant's motions and granted the State's motion. After merging counts one, three, and four into the first-degree robbery conviction in count two, the trial court sentenced defendant to an extended life term, *N.J.S.A.* 2C:43-7a(2), with twenty-five years of parole ineligibility, *N.J.S.A.* 2C:43-7b. The trial court applied pre-amendment NERA to the extended sentence, which increased defendant's parole ineligibility period to 63.75 years. The court also merged count six into count five and imposed a concurrent five-year sentence on count five.

In an unpublished opinion, the Appellate Division affirmed the conviction and sentence, but declined to address whether a pre-amendment NERA sentence can be imposed on the extended term portion of the sentence because the issue was not briefed. We granted certification, limited to the issue of whether the trial court

properly applied pre-amendment NERA to defendant's extended term sentence, and summarily remanded to the Appellate Division for a decision on the merits. 174 *N.J.* 542, 810 *A.*2d 62 (2002). After supplemental briefing, the Appellate Division concluded that the trial court correctly applied pre-amendment NERA to defendant's extended term sentence. We again granted certification, 176 *N.J.* 280, 822 *A.*2d 610 (2003), and now reverse.

## II.

■ Defendant argues that pre-amendment NERA does not apply to the extended term portion of his sentence and draws upon the language of the statute and case law for support. He maintains that because there is no reference to an extended term persistent offender sentence in pre-amendment NERA, the minimum term requirement should not apply. He also argues that such a holding would be consistent with the principle that the Criminal Code punishes only the crime, not the criminal. Finally, he urges that, as a matter of first impression, the Appellate Division correctly resolved this matter in *State v. Allen,* 337 *N.J.Super.* 259, 766 *A.*2d 1168 (2001), *certif. denied,* 171 *N.J.* 43, 791 *A.*2d 221 (2002), and *State v. Andino,* 345 *N.J.Super.* 35, 783 *A.*2d 267 (2001).

The State maintains pre-amendment NERA is clear and unambiguous, and that because "the sentence" imposed in this case is an extended term, NERA's parole disqualifier applies to the full sentence. It contends that any other interpretation would thwart the Legislature's intent. Further, the State argues that although pre-amendment NERA was clear, the Legislature amended it, in part, to rectify the judicial interpretation that pre-amendment NERA did not apply to the enhanced portion of an extended term sentence.

The pertinent provisions of pre-amendment NERA provided:

A court imposing a sentence of incarceration for a crime of the first or second degree shall fix a minimum term of 85% of the sentence during which the

defendant shall not be eligible for parole if the crime is a violent crime as defined in subsection d. of this section.

[*L.* 1997, *c.* 117, § 2a.]

When the trial court imposed the sentence and applied pre-amendment NERA to the entirety of the extended term sentence in this case, it did not have the benefit of an appellate court interpretation of pre-amendment NERA in the context of an extended sentence because *Allen* and *Andino* had not been decided. Subsequent to the trial court's imposition of sentence, the Appellate Division and this Court addressed several aspects of pre-amendment NERA.

## A.

The Appellate Division comprehensively examined the legislative history of pre-amendment NERA and concluded that it did not apply to murder. *State v. Manzie,* 335 *N.J.Super.* 267, 273–76, 762 *A.*2d 276, 279–81 (2000), *aff'd,* 168 *N.J.* 113, 773 *A.*2d 659 (2001). After reviewing the sentencing scheme for murder, including the fact that murder is the only crime for which life imprisonment is available as an ordinary term sentence, the panel stated that "if the Legislature had intended [pre-amendment] NERA to apply to murder, it would have done so expressly and by amending the murder statute." *Id.* at 275–76, 762 *A.*2d at 280–81.

A six member, equally divided Court affirmed. *State v. Manzie,* 168 *N.J.* 113, 773 *A.*2d 659 (2001). Three justices agreed with the Appellate Division and added that:

> Basic principles of due process, as well as clarity in statutory draftsmanship, mandate that if the Legislature intends [pre-amendment] NERA to apply to murder, the section of the Code relating to murder must be amended to clearly reflect that intention and eliminate the ambiguity and uncertainty that the application of [pre-amendment] NERA to the present Code provision would create.
>
> [*Id.* at 120, 773 *A.*2d at 663.]

The dissenting justices agreed with the Appellate Division's finding that the language of pre-amendment NERA was clear and unambiguous on its face, but the dissenters found nothing in the statute to suggest that murder was not within its coverage. *Ibid.*

Those justices compared *Manzie* to pre-amendment NERA's interaction with the Graves Act, *N.J.S.A.* 2C:43–6c, noting:

[T]he application of [pre-amendment] NERA to murder is an analogue to its application to Graves Act offenses. The Graves Act provides parole ineligibility at, or between, one-third and one-half of [the] defendant's sentence. Yet we have imposed the 85% [pre-amendment] NERA disqualifier upon otherwise qualified Graves Act defendants. To the extent that [pre-amendment] NERA has been applied to Graves Act offenses without a statutory amendment, it follows that no amendment is required here. Like the murder statute, the Graves Act sets up a distinct sentencing scheme for firearms' offenses. If there was no need to amend the Graves Act to apply [pre-amendment] NERA, there is no need to amend the murder statute.

[*Id.* at 122, 773 *A.*2d at 664–65 (citations omitted).]

In another murder case, the Appellate Division stated that a pre-amendment NERA mandatory term with respect to an extended term sentence should be considered in a manner consistent with *Manzie*. *Allen, supra,* 337 *N.J.Super.* at 271–72, 766 *A.*2d at 1174–75. Therefore, in order to avoid the irrational result of a criminal getting less "real time" with an extended term that would not be subject to pre-amendment NERA than with an ordinary term subject to pre-amendment NERA, the court concluded that "the imposition of an extended term for a first or second degree 'violent crime'(as defined in [pre-amendment NERA]) must embody a parole ineligibility term at least equal to the [pre-amendment] NERA sentence applicable to the maximum ordinary term for the degree of crime involved." *Id.* at 273–74, 766 *A.*2d at 1175. The court also noted that if another statute expressly required or authorized a longer mandatory or discretionary parole ineligibility term on an extended term sentence, it could be longer than the NERA portion applied to the ordinary term. *Id.* at 274, 766 *A.*2d at 1175–76.

In the wake of the *Manzie* and *Allen* decisions limiting the reach of pre-amendment NERA, the Legislature amended the statute, effective June 29, 2001, to provide in pertinent part:

a. A court imposing a sentence of incarceration for a crime of the first or second degree enumerated in subsection d. of this section shall fix a minimum term of 85% of the sentence imposed, during which the defendant shall not be eligible for parole.

b. *The minimum term required by subsection a. of this section shall be fixed as a part of every sentence of incarceration imposed upon every conviction of a crime enumerated in subsection d. of this section, whether the sentence of incarceration is determined pursuant to N.J.S. 2C:43–6, N.J.S. 2C:43–7 [extended terms], N.J.S. 2C:11–3 [murder]* or any other provision of law, and *shall be calculated based upon the sentence of incarceration actually imposed.*

[*N.J.S.A.* 2C:43–7.2; *L.* 2001, *c.* 129, § 1 (emphasis added).]

This amendment only applies prospectively. *State v. Parolin,* 171 *N.J.* 223, 233, 793 *A.*2d 638, 644 (2002).

## B.

Following the 2001 amendment to NERA, the Appellate Division again addressed whether a pre-amendment NERA parole ineligibility term was applicable to a specific extended term. *Andino, supra,* 345 *N.J.Super.* at 38–40, 783 *A.*2d at 269–70. The Appellate Division recognized that the new legislation clarified that the amended NERA statute applied to extended terms, but concluded, "The affirmance of *Manzie* and rationale of the concurring justices require us to adhere to our opinion in *Allen* as controlling the sentence governing the date of this offense." *Id.* at 39, 783 *A.*2d at 270. Because the court found a "need to interpret the statutory complex as a logical and consistent whole for a crime occurring before [the NERA amendment's effective date]," the court adhered to *Allen* in its application of pre-amendment NERA and limited the defendant's parole ineligibility to 85% of the maximum ordinary term sentence. *Id.* at 40, 783 *A.*2d at 270.

## III.

As noted, the Appellate Division panel in this matter reached a conclusion contrary to *Andino* and affirmed the imposition of an extended term life sentence with a NERA element based on the full sentence.

Except for the present case, since *Andino* and *Allen* were decided in 2001, defendants sentenced to an extended term under pre-amendment NERA were not exposed to its effects on the

extended term portion of their sentence. In our view, it would be grossly unfair to permit a different result here.

■ Fundamental fairness requires that different defendants sentenced under the same statute be sentenced in accordance with a consistent interpretation of that statute. *State v. Yarbough,* 100 *N.J.* 627, 630, 498 *A.*2d 1239, 1240 (1985) (finding "the Code's paramount sentencing goals [are] that punishment fit the crime, not the criminal, and that there be a predictable degree of uniformity in sentencing"). Because of the uncertainty of the number of defendants that have been sentenced under pre-amendment NERA as interpreted in *Andino,* and because of the limited number of defendants that may yet be sentenced under pre-amendment NERA, we are persuaded to construe pre-amendment NERA consistent with *Andino* as a matter of public policy and fundamental fairness. Simply put, this holding achieves our overriding goal to provide fairness, uniformity, and predictability in sentencing.

In sum, we hold that a defendant sentenced to an extended term under pre-amendment NERA is only subject to parole ineligibility for the maximum ordinary term portion of the sentence. Our decision, however, does not restrict the trial court's discretion to impose a longer period of parole ineligibility on an extended term sentence if authorized by statute.

## IV.

The judgment of the Appellate Division is reversed. The matter is remanded to the Law Division to impose a sentence consistent with our decision.

*For reversal and remandment*—Chief Justice PORITZ and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, and WALLACE—6.

*Opposed*—None.