**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3088-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HUSSEIN DIGGS,

    Defendant-Appellant.

_____

Submitted July 5, 2017 — Decided July 24, 2017

Before Judges Nugent and Accurso.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Indictment No. 98-
05-2570.

Hussein Diggs, appellant pro se.

Robert D. Laurino, Acting Essex County
Prosecutor, attorney for respondent (Barbara
A. Rosenkrans, Special Deputy Attorney
General/Acting Assistant Prosecutor, of
counsel and on the brief).

PER CURIAM

    Defendant Hussain Diggs appeals from a January 21, 2016 Criminal Part order denying his motion to correct an illegal sentence. We affirm.

This case has a lengthy procedural history. In 1999, a jury found defendant guilty of attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3; first-degree robbery, N.J.S.A. 2C:15-1; second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); possession of a handgun without a permit, N.J.S.A. 2C:39-5(b); and possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a). After appropriate mergers, the trial court imposed an aggregate sentence of fifty years with eighty-five percent to be served without parole under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant appealed and raised the following arguments: (1) the judge's conduct deprived him of a fair trial; (2) the prosecutor made improper remarks in her opening and closing statements; (3) the judge abused his discretion in excluding evidence of a prosecution witness's criminal conviction; and, (4) the sentence imposed on the conviction of attempted murder was manifestly excessive. In a supplemental pro se brief, defendant argued he was denied the right to confront witnesses against him.

We affirmed defendant's convictions but remanded the case for resentencing. State v. Diggs, No. A-1225-99 (App. Div. May 8, 2001), certif. denied, 170 N.J. 85 (2001). We found the trial court had improperly imposed NERA's eighty-five percent period of parole ineligibility on the extended term for attempted murder rather than on the ordinary term. Id. (slip op. at 11-12). We

2                                              A-3088-15T1

also noted that <u>N.J.S.A.</u> 2C:43-6(c) "requires imposition of a parole disqualifier between one-third and one-half of the base term.[1]  Since defendant's base term is fifty years, the judge may impose a parole disqualifier up to one-half of that sentence, <u>i.e.,</u> twenty-five years."  <u>Ibid.</u>

On remand, the court sentenced defendant to an aggregate term of fifty years.  The sentence included, on the attempted murder count, a fifty-year prison term with twenty-five years of parole ineligibility under the Graves Act, <u>N.J.S.A.</u> 2C:43-6(c). Defendant did not file an appeal from that sentence.

Thereafter, defendant filed a petition for post-conviction relief (PCR).  He argued:

<u>POINT I</u>

PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE UNITED STATES AND NEW JERSEY CONSTITUTIONS.

<u>POINT II</u>

THE ADMISSION OF CERTAIN HEARSAY EVIDENCE WAS IMPROPER AND DEPRIVED PETITIONER OF HIS CONSTITUTIONAL RIGHT TO CONFRONT THE WITNESSES AGAINST HIM.

<u>POINT III</u>

THE COURT'S JURY INSTRUCTION ON IDENTIFICATION WAS INCOMPLETE AND INADEQUATE AND DEPRIVED PETITIONER OF A FAIR TRIAL.

---

[1]   The statute has since been amended and the minimum period of parole ineligibility has been increased.  <u>L.</u> 2013, <u>c.</u> 113.

POINT IV

THE SENTENCE IMPOSED UPON THE DEFENDANT
FOLLOWING TRIAL AND PETITIONER'S REJECTION OF
A PLEA OFFER, WAS EXCESSIVE AND SHOULD BE
MODIFIED AND REDUCED.

Following an evidentiary hearing, Judge Michael A. Petrolle denied defendant's PCR petition. We affirmed, State v. Diggs, No. A-0072-10 (App. Div. Oct. 24, 2011), and the Supreme Court denied certification, 210 N.J. 109 (2012).

In July 2012, defendant filed a petition for a writ of habeas corpus, which the United States District Court for the District of New Jersey denied and dismissed. Diggs v. Holmes, No. 12-4357 (D.N.J. June 27, 2013).

On December 15, 2015, defendant filed the motion to correct an illegal sentence. Judge Petrolle denied the motion on the ground the Appellate Division had previously decided the issue. This appeal followed.

Defendant makes the following arguments:

POINT ONE

BECAUSE THE LAW DIVISION ERRED IN SUMMARILY
DENYING DEFENDANT'S MOTION TO CORRECT AN
ILLEGAL SENTENCE; THE MATTER SHOULD BE
REMANDED TO THE LAW DIVISION FOR RESENTENCING
IN ACCORDANCE WITH THIS COURT'S RULING IN
STATE V. ANDINO, 345 N.J. Super. 35 (2001);

STATE V. ALLEN, 337 N.J. Super. 259 (2001);
STATE V. MANZIE, 335 N.J. Super. 267 (2000).[2]

Defendant's argument is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] The Legislature amended NERA to enumerate the first- and second-degree offenses to which NERA applies. L. 2001, c. 129 (effective June 29, 2001). The amendment was in response to the Appellate Division decisions in State v. Manzie, 335 N.J. Super. 267, 276 (2000) (holding NERA does not apply to murder because murder has a separate sentencing scheme), aff'd, 168 N.J. 113 (2001), State v. Mosley, 335 N.J. Super. 144, 149 (2000) (holding NERA does not apply to tender years sexual assaults without physical force), certif. denied, 167 N.J. 633 (2001), and State v. Thomas, 322 N.J. Super. 512, 515-16 (1999) (same), aff'd, 166 N.J. 560 (2001). State v. Parolin, 171 N.J. 223, 232 (2002).

A-3088-15T1